**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ISHA JACKSON,

    Defendant-Appellant.

No. 10-3080

(D.C. No. 2:09-CR-20124-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant/Appellant Isha Jackson pled guilty to one count of bank robbery with a

deadly weapon in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The

district court sentenced Jackson to fifty-eight months' imprisonment on the bank robbery

count and eighty-four months' imprisonment on the brandishing count, to be served

consecutively. The bank robbery sentence is in the middle of the advisory sentencing

guideline range, and the firearm sentence is equal to the mandatory statutory minimum.

On appeal, Jackson contends that his sentence is substantively unreasonable. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

I

On September 21, 2009, Jackson robbed a bank in Lenexa, Kansas. He pointed a

handgun at a bank teller and demanded money, which he received. While fleeing the

scene in a vehicle, Jackson led pursuing officers on a high-speed chase. During the chase,

Jackson ran a stop sign and struck another vehicle.

The presentence report ("PSR") states that the guideline sentence on the

brandishing charge is the statutory mandatory minimum of seven years or eighty-four

months, to be served consecutively to any sentence on the bank robbery charge. ROA,

Vol. 3, at 10; see also 18 U.S.C. § 924(c)(1)(A)(ii). The PSR states that the base offense

level on the bank robbery charge is 20. The PSR adds two levels because the property of

a financial institution was taken, one level because the loss was between $10,000 and

$50,000, and two levels for obstruction of justice. Two levels were deducted for

acceptance of responsibility, resulting in a total offense level of 23. ROA, Vol. 3, at 9-10.

The PSR assigns Jackson two criminal history points for a prior conviction of robbery in

2

the second degree, resulting in a criminal history category of II and an advisory guideline range of fifty-one to sixty-three months.  Id. at 15.

Jackson filed a motion for a variance, arguing that his "crime was a poorly considered and impulsive reaction to what Mr. Jackson perceived as desperate financial circumstances which does not prefigure future criminality."[1]  Id., Vol. 1, at 23.  The district court denied the motion and sentenced Jackson to fifty-eight months' imprisonment on the bank robbery count and eighty-four months' imprisonment on the firearm count, to be served consecutively.  Id. at 32.

## II

*A.  Standard of Review*

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court reviews sentences for procedural and substantive reasonableness. United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009).  Here, Jackson argues only that his sentence is substantively unreasonable.  Substantive reasonableness is reviewed under an abuse of discretion standard, United States v. Sayad, 589 F.3d 1110, 1117 (10th Cir. 2009), and a within-guidelines sentence is afforded a rebuttable presumption of reasonableness on appeal.  United States v. Beltran, 571 F.3d 1013, 1018 (10th Cir. 2009);  United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1215 (10th Cir. 2008).  This standard is deferential, and "[t]he defendant may rebut this presumption by

---

[1] Jackson also argued that a one-level variance was appropriate to fully account for his acceptance of responsibility.  He does not appeal the denial of his motion for a variance on that basis.

3

showing that his sentence is unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)." Alapizco-Valenzuela, 546 F.3d at 1215. However, "the fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007).

*B. Discussion*

Jackson argues that, when it denied his motion for a variance, the district court failed to give adequate weight to the circumstances of his crime and his psychological condition. At the sentencing hearing, Jackson presented evidence that, just before the robbery, he had become homeless and jobless. His girlfriend was in jail and needed bond money, and Jackson was driving a rental car which was due to be returned but that he could not afford to return. A clinical psychologist testified that Jackson suffered from an adjustment disorder that compromised his ability to respond to stress. The psychologist also testified that Jackson would benefit from treatment and was not likely to re-offend. Counsel argued for a reduced sentence on the bank robbery count because Jackson would already be sentenced to a significant period of imprisonment due to the statutory minimum on the brandishing count.

In denying Jackson's motion for a variance, the district court stated,

It seems to me that this particular bank robbery fit well within the heartland of bank robberies that I've seen in more than over 18 years on the bench. I can't say that I ever saw one that was well thought out and maybe more than other crimes, they seem to be almost bizarre in terms of the motives why people do them and the methods that they use. . . . [Bank robbers] tend

4

to always be desperate people who have no coping mechanisms and no ability to rationally develop a better plan for dealing with the stress in their lives. . . . So I don't think there's anything in the factual background of this case which takes the case outside of the guideline heartland – the heartland of the cases that the guidelines were developed to address.

ROA, Vol. 2, at 100-01. Thus, the district court concluded that Jackson's explanation for his crime was not a reason to vary downward. The district court also noted that Jackson had a prior felony conviction for robbery in the second degree, and that he "placed the lives of a large number of people at great risk" by leading the police on a chase. Id. at 102. After discussing several of the 18 U.S.C. § 3553(a) factors, the court imposed a sentence of fifty-eight months on the bank robbery count, in the middle of the guideline range. The court imposed the mandatory statutory minimum on the brandishing count.

Jackson has not rebutted the presumption that his sentence is reasonable. The district court considered the § 3553(a) factors and concluded that the circumstances of Jackson's case did not warrant a variance. While he may disagree with the district court's view of the significance of his explanation for his actions and the weight that the district court gave to various § 3553(a) factors, Jackson has not shown that the district court abused its discretion in imposing his sentence.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

5